UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
98 NOV 16 AM 11:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

DONALD ROBERT WOODS, )
)
    Plaintiff, )
)
vs. ) Civil Action No. 98-S-0772-NE
)
HONDA NORTH AMERICA, INC., )
)
    Defendant. )
)

ENTERED
NOV 16 1998

## MEMORANDUM OPINION

This action is before the court on defendant's motion for summary judgment. Upon review of the pleadings, brief, and evidentiary materials submitted by defendant,[1] the court finds that defendant's motion is due to be granted.[2]

### I. FACTS

Plaintiff was injured in a one-vehicle accident that occurred on or about August 16, 1997. He then was operating a 1995 Honda Shadow motorcycle on Highway 278 in Cullman County, Alabama.

---

[1] In the absence of any evidentiary submissions by plaintiff, the court relies on defendant's exhibit, which is an affidavit of Kunio Mihara, Senior Vice President of Honda North America, Inc. (Doc. No. 8).

[2] The court notes plaintiff was continuously represented by counsel and was given notice of the dates by which he should submit any materials in opposition to defendant's motion: see submission order entered October 5, 1998 (Doc. No. 9). Therefore, it cannot be seriously contended that plaintiff was unaware of his burdens under Rule 56 of the *Federal Rules of Civil Procedure*.

Plaintiff originally filed this product liability action in the Circuit Court for Cullman County, Alabama, on February 25, 1998 (Doc No. 1). Defendant removed the case to this court pursuant to 28 U.S.C. § 1441(a) on March 30, 1998 (Doc. No. 1).

## II. DISCUSSION

Plaintiff has not responded to defendant's motion. When a motion for summary judgment is made and supported as provided by the Federal Rules of Civil Procedure,

> an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). "There is no genuine issue for trial unless the non-moving party establishes, through the record presented to the court, that it is able to prove evidence sufficient for a jury to return a verdict in its favor." *Cohen v. United American Bank of Central Florida*, 83 F.3d 1347, 1349 (11th Cir. 1996) (affirming grant of summary judgment where non-movant "failed to present evidence to prove their claim[, and] ... did not supplement the allegations of the complaint with affidavits, file a memorandum in opposition to the motion for summary judgment, or otherwise comply with Rule 56(e) on a timely basis").

2

Defendant argues summary judgment is due to be granted as to each of plaintiff's claims. For defendant to be liable under the Alabama Extended Manufacturer's Liability Doctrine, it must be "engaged in the business of selling such a product." Defendant argues and presents evidence that it did not design, manufacture, assemble, test or distribute the 1995 Honda VT1100 Shadow motorcycle which is the subject matter of this litigation. The affidavit of Kunio Mihara, also establishes that Honda North America, Inc., is a separate and independent company which has no involvement in the subject matter of this litigation.

Upon review of the pleadings, defendant's motion, evidentiary submissions, brief, and the authorities cited therein, and viewing the evidence in a light most favorable to plaintiff, this court concludes that defendant's arguments are correct as to all of plaintiff's claims. Moreover, as plaintiff has made no effort to supplement the record or otherwise meet his Rule 56 burden, summary judgment is appropriate. Accordingly, the court adopts defendant's arguments as its own and finds defendant's motion is due to be granted on the grounds stated therein. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

**DONE** this 16th day of November, 1998.

_____
United States District Judge

4